UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PARLANTE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AMERICAN RIVER COLLEGE and JOHN DOE,<br><br>　　　　Defendants. | Case No. 2:20-cv-02268-TLN-JDP (PS)<br><br>SCREENING ORDER<br><br>ECF No. 1<br><br>FIRST AMENDED COMPLAINT DUE WITHIN 30 DAYS<br><br>ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS<br><br>ECF No. 2 |

　　　　Plaintiff moves to proceed without prepayment of filing fees, ECF No. 2. Plaintiff's affidavit satisfies the requirements to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a). Thus, the motion, ECF No. 2, is granted.

　　　　Having granted plaintiff's motion to proceed *in forma pauperis*, this complaint is now subject to screening under 28 U.S.C. § 1915(e). Plaintiff alleges that on November 7, 2018, he was assaulted from behind by the John Doe defendant while he was in a library study room at American River College. ECF No. 1 at 2. Plaintiff states, vaguely, that he "suffered multiple injuries to his body and head." *Id.* He asserts diversity jurisdiction but does not either

(1) identify the state claim or claims that he seeks to pursue or (2) provide information to support his allegation that the amount in controversy exceeds $75,000.

## DISCUSSION

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Id.*

Plaintiff does not specify any particular claim against any particular defendant. As such, his complaint does not give fair notice to defendants of the claim or claims at issue. Plaintiff references an assault by the Doe defendant, but does not explain what happened during the assault—including whether it was verbal or physical, whether any weapons were used, or how long the assault lasted. Plaintiff also references injuries but does not specify the injuries that he suffered or what costs, if any, were associated with his injuries. Thus, plaintiff fails to state a claim against any defendant, and I cannot determine whether the amount in controversy here meets the threshold for diversity jurisdiction. The court will give plaintiff an opportunity to amend.

## CONCLUSION

The court has screened plaintiff's complaint and finds that it fails to state a cognizable claim against any defendant. Plaintiff may file an amended complaint if he wishes to proceed with this suit. As explained below, such an amended complaint would need to allege what each

defendant did and why each defendant's actions violated plaintiff's rights. If plaintiff fails to amend his complaint within thirty days, I will issue findings and recommendations that plaintiff's complaint be dismissed for the reasons stated in this order.

Should plaintiff choose to amend the complaint, the amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of plaintiff's rights. *See Iqbal*, 556 U.S. at 678. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plaintiff should note that a short, concise statement of the allegations in chronological order will assist the court in identifying his claims. Plaintiff should name each defendant and explain what happened, describing personal acts by each individual defendant that resulted in the violation of plaintiff's rights. Plaintiff should also describe any harm he suffered from the violation of his rights. Plaintiff should not add unrelated issues. *See* Fed. R. Civ. P. 18; *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . . .").

Any amended complaint will supersede the original complaint, *Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc), and must be complete on its face without reference to the prior, superseded pleading, *see* E.D. Cal. Local Rule 220. Once an amended complaint is filed, previous complaints no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Accordingly,

1. Within 30 days from the date of service of this order, plaintiff must file a first amended complaint.

2. Failure to comply with this order will result in the dismissal of this action.

IT IS SO ORDERED.

Dated:   May 3, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE