UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PARLANTE, | Case No. 2:20-cv-02268-KJM-JDP (PS) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO PROCEED USING A PSEUDONYM |
| v. | |
| AMERICAN RIVER COLLEGE, *et al.*, | ECF No. 3 |
| Defendants. | |

Plaintiff, who currently resides in Nevada, is suing a college in California and a student who allegedly attacked him on campus. ECF No. 6. The attacker is unknown to plaintiff. *Id.* Plaintiff moves to proceed using a pseudonym in this case. ECF No. 4. In support of his motion, he alleges that he is disabled and that publicly disclosing his disability could limit future employment opportunities. *Id.* at 1. He also claims that his student records, including records of disability, are private. *Id.* at 2.

Parties must litigate under their own names unless a case is "exceptional." *Doe v. Ayers*, 789 F.3d 944, 946 (9th Cir. 2015); *see also* Fed. R. Civ. P. 10(a). "When a party requests Doe status, the factors to be balanced against the general presumption that parties' identities are public information, are: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation." *Id.* at 945 (internal citations and quotation marks omitted). For example, in *Ayers*, petitioner "(1) was granted

penalty-phase habeas relief based on sealed, graphic evidence regarding repeated sexual assault in prison, and (2) submitted credible evidence that he would likely be subjected to more violence if his name was revealed alongside the evidence of this abuse." *Id.* at 946.  Allegations to support pleading with a pseudonym must be supported by evidence.  *See id.*; *John Doe v. Fellows*, No. 89-15869, 1991 U.S. App. LEXIS 3721, at *4 (9th Cir. Mar. 5, 1991) ("Doe's contention that he will be subject to police reprisals if his true identity is revealed is without any factual basis and is insufficient to warrant a cloak of anonymity.")

Here, plaintiff does not allege that repeated violence has been visited against him or that any violence will continue.  Plaintiff asserts that he was attacked once by a stranger and now he lives in a different state from where the incident occurred.  Plaintiff also presents no evidence that disclosure of his disability will prevent employment.  Thus, plaintiff's motion lacks any factual basis for a finding in his favor.  Further, plaintiff's concerns regarding private documents, to the extent that they are needed for review in this case, can be adequately addressed by redaction and filing under seal.  *See* Local Rules 140, 141.  Plaintiff's case is not an exceptional one that overrides the presumption that his identity is public information.

Accordingly, plaintiff's motion to proceed using a pseudonym, ECF No. 4, is denied.

IT IS SO ORDERED.

Dated:    September 9, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

2